**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MYKHAILO SKUTAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-26-0036-HE |
| | ) | |
| MARKWAYNE MULLIN, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Mykhailo Skutar seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE). According to the habeas petition and record, petitioner is a native and citizen of Ukraine who entered the United States in December of 2016. The record indicates that on December 9, 2026, the U.S. Department of Homeland Security (DHS) issued a notice to appear, designating petitioner as an "arriving alien," and charging him as subject to removal pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). Thereafter, petitioner filed an application for asylum and temporary protected status. The petition and record indicate that on August 10, 2017, an immigration judge released petitioner from custody on an $8,000 bond pursuant to 8 U.S.C. § 1226(a). The petition indicates that over eight years later, on November 4, 2025, ICE took petitioner into custody in Oklahoma while he

---

[1] *In accordance with Fed. R. Civ. P. 25(d), Markwayne Mullin in his official capacity as Secretary of Homeland Security and Todd Blanch in his official capacity as acting Attorney General of the United States are substituted as respondents for Kristi Noem and Pamela Bondi, respectively.*

was driving through the state in a box truck.  The petition indicates petitioner's bond was apparently revoked on November 13, 2025, and petitioner is detained by ICE at Cimarron Detention Center in Cushing, Oklahoma.

In the petition, petitioner claims his detention pursuant to 8 U.S.C. § 1225(b)(2)(A), the revocation of his prior bond under § 1226(a), and the denial of bond eligibility under § 1226(a) violates the INA, its implementing regulations, the Fifth Amendment due process clause, and the Administrative Procedure Act.  As ordered by the court, the federal respondents have responded to the petition, and petitioner has replied.

The court concludes the habeas petition should be granted as hereinafter stated.[2]  In 2017, petitioner, although designated as an "arriving alien" and charged as subject to removal under § 1182(a)(7)(A)(i)(I), was released on bond by an immigration judge pursuant to § 1226(a).  While the Attorney General has authority to revoke bond "at any time" under 8 U.S.C. § 1226(b), "if an immigration judge has determined the noncitizen should be released, the DHS may not re-arrest that noncitizen absent a change of circumstance[s]."  Salcedo Aceros v. Kaiser, Case No. 25-cv-06924-EMC (EMC), 2025 WL 2637503, at *1 (N.D. Cal. Sept. 12, 2025) (citing Panosyan v. Mayorkas, 854 Fed. Appx. 787, 788 (9th Cir. 2021)).  "Relying on this limitation, courts have required 'a material change in circumstances as to whether "the noncitizen poses a danger to the

---

[2] *In their briefing, respondents contend that the court lacks jurisdiction over petitioner's habeas petition under 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g).  In accordance with its prior decisions, the court rejects respondents' contention.  See Huinil Diaz v. Noem, Case No. CIV-26-104-HE, doc. no. 11, at *2 n. 1 (Fed. 24, 2026); Ramirez Rojas v. Noem, Case No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026).*

community or an unreasonable risk of flight" before a noncitizen's release may be revoked.'" Hernandez-Parilla v. De Anda-Ybarra, Case No. 2:25-cv-01224-MIS-KK, 2025 WL 3632769, at *5 (D.N.M. Dec. 15, 2025) (quoting Y.M.M. v. Wamsley, Case No. 2:25-cv-02075, 2025 WL 3101782, at *2 (W.D. Wash. Nov. 6, 2025) (quoting United States v. Cisneros, Case No. 19-cr-00280-RS-5, 2021 WL 5908407, at *4 (N.D. Cal. Dec. 14, 2021)).  Here, the record contains no facts which show any change in circumstances since petitioner's initial release, and there are no facts which show petitioner poses a danger to the community or an unreasonable risk of flight to justify the revocation of petitioner's bond.  The court therefore concludes that petitioner's detention under § 1225(b)(2)(A) violates the INA.[3]  The court will therefore grant the habeas corpus petition to the extent that respondents will be ordered to release petitioner, unless, in the meantime, they reinstate petitioner's prior bond which was unlawfully revoked.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** as follows:  Respondents are **ORDERED** to release the petitioner within **three (3) business days** from the date of this order unless, in the meantime, petitioner's prior bond, unlawfully revoked is reinstated.  Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

In light of the court's ruling, the renewed emergency motion [Doc. #14] is **STRICKEN as MOOT**.

---

[3] *Given the court's ruling, the court declines to decide the merits of petitioner's other claims.*

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE